**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JIE XU,

                    Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No.   19-70072

Agency No. A096-067-427

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Jie Xu, a native and citizen of China, petitions pro se for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration

Judge's ("IJ") decision denying her motion to reconsider. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reconsider because Xu failed to identify any error of fact or law in the IJ's prior decision denying asylum, withholding of removal, and protection under the Convention Against Torture. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) (motion to reconsider must identify a legal or factual error in the prior decision); *see also Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (this court will reverse only if agency's decision is arbitrary, irrational, or contrary to law).

We do not consider the materials Xu references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

To the extent Xu challenges the IJ's 2017 decision denying relief, we lack jurisdiction to consider her contentions because Xu did not appeal that decision to the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**